# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM H. BALL, | Case No. 2:24-cv-01457-CDS-NJK |
| Plaintiff(s), | **ORDER** |
| v. | |
| CIRCA HOTEL AND CASINO, LLC, | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.  Docket No. 1.  Plaintiff has also filed an amended complaint.  Docket No. 4.

**I.     *In Forma Pauperis* Application**

Plaintiff filed the affidavit required by § 1915(a).  Docket No. 1.  Plaintiff has shown an inability to prepay fees and costs or give security for them.   Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

**II.    Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

1

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff's amended complaint brings a claim for age-related employment discrimination. Federal law makes it unlawful for an employer to fail or refuse to hire an individual based on the individual's age. 29 U.S.C. § 623(a)(1). To establish prima facie case of age discrimination in this context, a plaintiff must generally show that he was (1) at least 40 years old, (2) qualified for the job, and (3) a younger person with similar or inferior qualifications was hired. *See Cotton v. City of Alameda*, 812 F.2d 1245, 1248 (9th Cir. 1987). This final element is at times treated with some flexibility. *Cf. Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996). Courts have allowed non-hiring claims to proceed at the pleadings stage on a theory that the position remained unfilled while the employer waited for a younger qualified applicant to apply. *See Fellows v. Scottsdale OP CO LLC*, 2019 WL 1959931, at *2 (D. Ariz. May 2, 2019); *see also Chambra v. Chevron Int'l Exploration & Production*, 2006 WL 2850032, at *4 (N.D. Cal. Oct. 4, 2006).

Plaintiff's amended complaint alleges that he is over 40 years of age, that he was qualified for the position to which he applied, and that he was not given the job (or even an interview) while

the position was left unfilled.  *See* Docket No. 4 at 1-2.  Although these allegations are thin, particularly as to the final element of the *prima facie* case, they suffice to proceed past the screening stage particularly given Plaintiff's *pro se* status.[1]

**III.    Conclusion**

Accordingly, **IT IS ORDERED** that:

1.  Plaintiff's request to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff is not required to pay the filing fee of $402. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2.  The Clerk of the Court shall issue summons to Defendant, and deliver the same to the U.S. Marshal for service.  The Clerk of the Court shall also deliver a copy of the complaint to the U.S. Marshal for service.

3.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.[2]  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed

---

[1] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).  Nothing in this order should be construed as precluding the filing of a motion to dismiss the amended complaint.

A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Hence, it suffices to survive screening that Plaintiff has stated one claim. *See, e.g.*, *Bem v. Clark Cty. Sch. Dist.*, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015).  It appears that Plaintiff may be attempting to bring at least one other claim under state law.  The Court express no opinion as to the sufficiency of the pleading as to any claim other than the federal age-discrimination claim addressed above.

[2] The USM-285 form is available at www.usmarshals.gov/process/usm285.pdf.

name and/or address for said defendant, or whether some other manner of service should be attempted.

4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

5. From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: September 10, 2024

_____
Nancy J. Koppe
United States Magistrate Judge