# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| William H. Ball, | Case No. 2:24-cv-01457-CDS-NJK |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Circa Hotel and Casino LLC, | [ECF No. 9] |
| Defendant | |

On September 10, 2024, United States Magistrate Judge Nancy J. Koppe screened plaintiff William H. Ball's complaint and allowed his age discrimination claim against defendant Circa Hotel and Casino LLC to proceed. Order, ECF No. 5. Ball was ordered to serve the summons and complaint in compliance with Federal Rule of Civil Procedure 4(m) within ninety days. *Id.* at 4. After the deadline expired without proof of service, Judge Koppe ordered Ball to show cause, no later than January 10, 2025, why this case should not be dismissed for lack of service. Show-cause order, ECF No. 8. That deadline, too, passed without proof of service or any response to the order to show cause, therefore Judge Koppe issued a report recommending (R&R) that this case be dismissed without prejudice pursuant to Rule 4(m). R&R, ECF No. 9. Ball had until January 28, 2025, to file any objections to the R&R. *Id.* (citing Local Rule IB 3-2 (stating that parties wishing to object to an R&R must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). However, copies of the show-cause order and the R&R mailed to Ball were returned as undeliverable. ECF Nos. 10; 11. Ball has failed to notify the court of his current address, a violation of Local Rule IA 3-1 ("pro se party must immediately file with the court written notification of any change of mailing address").

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[1] the Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Federal Rule of Civil Procedure 4(c)(1) makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." Fed. R. Civ. P. 4(c). The court cannot expeditiously resolve a case if the plaintiff fails to fulfill his obligations in prosecuting an action. That is why it has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson*, 782 F.2d at 831.

The third factor for consideration, the risk of prejudice to the defendants, also weighs in favor of dismissal. Rule 4(m) requires service of the summons and complaint to be completed within ninety days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Ball has not offered any excuse for his failure to comply with Rule 4(m), which has caused an unexplained and unreasonable delay; and "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v.*

---

[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1 *Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. But this case cannot move toward resolution, on the merits or otherwise, due to Ball's failure to serve the defendant. As the plaintiff in this action, it is Ball's responsibility to move the case toward disposition on the merits. *Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the responsibility of the moving party to move toward disposition on the merits). Thus, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). I therefore find that the fourth factor is greatly outweighed by the factors favoring dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Although courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives," *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986), no lesser sanction is available when a court cannot contact a plaintiff to discuss the alternatives. This litigation cannot move forward without service of process, and issuing another order is not a meaningful alternative in this circumstance. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.").

Conclusion

Because Ball has not demonstrated that service has been effectuated in the time prescribed by Rule 4(m), IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 9] is adopted in full**, and this case is **dismissed without prejudice**. The Clerk of Court is kindly directed to close this case.

Dated: February 11, 2025

_____
Cristina D. Silva
United States District Judge